UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERWIN JEROME HOLT,

    Plaintiff,

v.

                                                  Case No. 25-cv-13263
                                                  Hon. Matthew F. Leitman

TANNER, *et al.*,

    Defendants.
_____/

## ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1)

On September 29, 2025, Plaintiff Derwin Jerome Holt, a prisoner at Lakeland Correctional Facility in Coldwater, Michigan, filed a Complaint in the United States District Court for the Western District of Michigan. (*See* Compl., ECF No. 1, PageID.1, 5.) In that Complaint, Holt asserted that certain employees of the MDOC violated his constitutional rights. First, he alleged that the Defendants, employees of the Gus Harrison Correctional Facility, "violated [his] due process rights by not servicing [him], prisoner Holt #926935, a Contraband Removal Record (CSJ0284)." (*Id.*, PageID.3.) Second, he alleged that "[a]fter and during Step I, II, III [of the contraband removal process] it was multiple times of harassment . . . leading up to mental abuse, Eighth Amendment cruel and unusual punishment." (*Id.*) Finally, he alleged "retaliation by [Defendants] from uprooting me from Gus Harrison Corr. Fac. [be]cause of the Complaint Form I submitted . . . about these actions." (*Id.*)

1

On October 16, 2025, the Complaint was transferred to this Court because the events giving rise to Holt's action occurred at the Gus Harrison Correctional Facility, which is located within the geographical bounds of the Eastern District of Michigan, and because Defendants reside in this district. (*See* Order Transferring Case, ECF No. 3, PageID.15-16.)  Holt's application in the Western District of Michigan to proceed *in forma pauperis* was also transferred to this Court. (*See* ECF No. 2).  The Court granted Holt's application to proceed *in forma pauperis* on October 21, 2025. (*See* Order, ECF No. 5.)  However, the Court has now reviewed the Complaint as required by 28 U.S.C. § 1915(e)(2) and will summarily dismiss the Complaint on the basis that it fails to state a plausible claim for relief.  For the reasons explained below, the Complaint is **DISMISSED**.

I

The Court is required to screen all complaints filed by plaintiffs proceeding *in forma pauperis* and dismiss those that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).  While the Court is obligated to liberally construe documents filed by pro se plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a

complaint under § 1915(e)(2) for failure to state a claim). The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## II

### A

Holt's first claim against the Defendants appears to be a procedural due process claim. "To establish a procedural due process claim, a plaintiff must show that (1) it had a life, liberty, or property interest protected by the Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford it adequate procedural rights." *Daily Services, LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014) (citing *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)). Holt has failed to allege facts supporting the first element. Even construing the complaint liberally, Holt does not describe any property or liberty interest with which Defendants allegedly interfered. The Court therefore cannot discern a claim for which it could grant relief.

### B

Holt's second claim appears to be that Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment. In the prison setting, "the infliction of 'unnecessary suffering [that] is inconsistent with contemporary standards of decency'" may violate the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999) (en banc) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). But

3

here, too, the Complaint does not contain enough facts to state a viable claim. Holt claims he experienced "harassment," "mental abuse," "Eighth Amendment cruel and unusual punishment," and "retaliation." These allegations are conclusory. Without additional information about Defendants' conduct, the Court concludes that Holt's Complaint does not state a claim upon which it could grant relief.

## C

Finally, Holt seems to allege that Defendants retaliated against him for filing a Complaint Form by transferring him out of Gus Harrison Correctional Facility. To establish a First Amendment retaliation claim, "a prisoner must prove that (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of 'ordinary firmness from continuing to engage in that conduct,' and (3) 'the adverse action was motivated at least in part by the [prisoner's] protected conduct.'" *Hill*, 630 F.3d at 472 (quoting *Thaddeus-X*, 175 F.3d at 394, 398).

Even assuming that filing a "Complaint Form" is protected conduct, Holt's allegations fail to make out the other two required elements of the claim. His allegations on those points are wholly conclusory. He does not allege what role Defendants played in his transfer, or any specific facts indicating that the transfer was related to his filing of the Complaint Form. Moreover, the Sixth Circuit has explained that prisoner transfers generally do not constitute adverse actions because "prisoners are expected to endure more than the average citizen, and since transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to

4

engage in protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005). In certain situations, "a prison transfer or the threat of a transfer can be an adverse action if that transfer would result in foreseeable, negative consequences to the particular prisoner," such as inhibiting access to the prisoner's family or lawyer. *Hill*, 630 F.3d at 474–75 (citations omitted). But here, Holt has not alleged any foreseeable, negative consequences of his transfer – instead, he has only alleged that he was transferred.

Because none of Holt's allegations state a claim upon which relief may be granted, Holt's Complaint is **DISMISSED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 10, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

5